IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH DEWAYNE NELSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NOS. 5:22-CV-20, -19, -21, |
| v. | § | -22, -23 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Petitioner Kenneth Dewayne Nelson's Objections (Docket No. 16) to the Report and Recommendation of the United States Magistrate Judge (Docket No. 14) recommending dismissal with prejudice of Petitioner's consolidated requests for habeas corpus relief as time-barred. The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Objections (Docket No. 16) are without merit and **OVERRULED** and the Report and Recommendation (Docket No. 14) is **ADOPTED** by the Court.

Petitioner's state court convictions became final no later than January 27, 2020 when the United States Supreme Court denied his petition for writ of certiorari. The limitations period was statutorily tolled from August 17, 2020 to April 14, 2021 while his state habeas applications were pending. After the denial of his state applications, the final day for filing his federal habeas petitions was Monday, September 27, 2021. Petitioner did not file his federal petitions until January 26, 2022, 121 days after the limitations period expired.

Petitioner does not argue that his federal petitions were timely. Instead, Petitioner contends that he should be granted equitable tolling due to disruptions in his law library access

caused by COVID-19 pandemic-related restrictions. Despite such disruptions, Petitioner was able to file his state habeas applications on August 17, 2020, during the height of the pandemic. Because claims raised in a federal habeas petition must first be exhausted in state court, Petitioner was already aware of the legal claims and the factual basis for the claims he would later raise in his federal petitions. After his state applications were denied, Petitioner had five months to complete the federal habeas forms, which only required him to identify each ground for relief and provide a brief summary of the facts supporting each ground.

Petitioner alleges that periodic interruptions to law library access affected his ability to prepare the memorandums he submitted with his petitions, but he was not required to file memorandums with legal analysis. Further, there is no requirement that a memorandum must be filed at the same time as the petition. Petitioner failed to prove that disruptions to his law library access prevented him from filing timely petitions.

Petitioner also alleges that he was absent from his assigned unit for approximately one month for medical treatment. Petitioner was not transferred to the hospital until November 16, 2021, nearly two months after the statute of limitations expired. Therefore, equitable tolling for this time would not make this petition timely.

Petitioner has not alleged rare and exceptional circumstances warranting equitable tolling. In addition, Petitioner did not demonstrate that he diligently pursued his rights. Accordingly, the Magistrate Judge correctly concluded that the petitions should be dismissed as barred by the statute of limitations.

Additionally, in this case, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).

The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly it is

**ORDERED** Petitioner's Objections (Docket No. 16) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Report and Recommendation of the Magistrate Judge (Docket No. 14) is **ADOPTED**. A final judgment will

be entered in these cases in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 7th day of March, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE